## MORGAN v. SMITH.

1. In action for dower proof of the husband's possession during coverture is *prima facie* sufficient evidence of the husband's seizin, but this is rebutted by showing that he never had a legal title.
2. A defendant in dower may be estopped from denying the title of the husband, under whom he holds by deed, but not so, where he never received deed under his contract of purchase, the husband himself having never had a legal title.

Before ——, J., Greenville, ——

The opinion states the case.

*Mr. D. R. Speer*, for appellant.

September 23, 1886.    The opinion of the court was delivered by

Mr. Justice McIver. This was a proceeding for dower, originally commenced in the Court of Probate and carried thence, by appeal, to the Court of Common Pleas. The only issue involved was as to the seizin of demandant's husband. The facts are not controverted, and are as follows: Bayliss Morgan, the deceased husband of demandant, during his life-time and during coverture, purchased a tract of land and went into possession of the same. He paid a large portion of the purchase

money, but died before completing the payment, and before receiving a deed for the land. After his death "the parties in interest" (which we understand to mean his heirs at law or legal representatives) paid the balance of the purchase money out of the assets of his estate. Bayliss Morgan, during his life-time, sold a portion of the said land, out of which dower is claimed, to one Mayfield, but died before making him a deed. After the death of Morgan a proceeding, to which the petitioner and Mayfield were parties, was instituted in the Court of Common Pleas, under which specific performance of the contract between Morgan and Mayfield was decreed, and a deed was made to Mayfield under the order of the court for the land which he had contracted to buy from Morgan. Mayfield afterwards sold the land to the defendant in this action and put him in possession of the same.

Upon this state of facts the judge of probate decreed that the demandant was not entitled to dower, upon the ground, as we understand, that there was no legal seizin in her husband. From this decree the petitioner appealed, and the Circuit Court rendered judgment affirming the decree of the Court of Probate, from which this appeal is taken. By this appeal petitioner contends: 1st. That where her husband has been in possession during coverture, it is not necessary for her to prove a legal title in him, and the defendant can only impugn her husband's seizin by showing a paramount title in himself as against the husband. 2d. That the defendant having gone into possession, and claiming title through the husband, is estopped from disputing the seizin of the husband.

To sustain her first position, appellant cites *Smith* v. *Paysinger*, 2 *Mill. Con. R.*, 59; *Forrest* v. *Trammell*, 1 *Bail.*, 77; *Reid* v. *Stevenson*, 3 *Rich.*, 66, and the recent case of *Stark* v. *Hopson*, 22 *S. C.*, 42. While some of these cases do contain language which seems to support the position contended for, yet upon examination of the points really presented for decision in those cases, and upon consideration of other cases subsequently decided, it will be seen that they do not go to the extent claimed for them. They only decide that a demandant in dower need not make out a regular chain of title in her husband, but that proof of his possession during coverture is *prima facie* sufficient evi-

dence of the husband's seizin, but is not conclusive of that fact, as it may be rebutted, not merely by proof of title in the defendant paramount to that under which the husband held, but also by showing that although the husband was seized during the coverture, yet his seizin was of such a character as that his wife could not be endowed of the land, *e. g.*, that the husband was seized as trustee (*Plantt* v. *Payne*, 2 *Bail.*, 319), or that he held a leasehold and not a freehold estate in the land out of which dower is claimed (*Whitmire* v. *Wright*, 22 *S. C.*, 446); or that the husband never had any legal title (*Bowman* v. *Bailey*, 20 *S. C.*, 550).

To sustain her second position, the appellant cites the cases of *Gayle* v. *Price*, 5 *Rich.*, 525; *Pledger* v. *Ellerbe*, 6 *Rich.*, 266; *Plantt* v. *Payne*, 2 *Bail.*, 319—relying on *McKnight* v. *Gordon*, 13 *Rich. Eq.*, 223, and *Horde* v. *Landrum*, 5 *S. C.*, 213, to show that a purchase at sheriff's sale under an execution against the husband is the same in effect as a purchase directly from the husband. While it may be conceded that these cases do show that where a defendant in dower has gone into possession of the premises out of which dower is claimed under a deed from the husband, either directly or through the sheriff under a judgment against the husband, he is not permitted to deny that the husband had a legal title (though, as we have seen, he may show that such title was not of such a character as would support a claim of dower), yet we do not see how this will help the appellant, for it does not appear in this case that the defendant claims under a deed from the husband. On the contrary, the evidence conclusively shows that the husband never made any title to the defendant or to Mayfield, under whom the defendant claims, and hence the cases relied on do not apply.

Indeed, it appears not only that the husband never had any legal title, but that he never was in a condition to demand one, for though he went into possession under a contract to purchase, and paid a part of the purchase money, yet having died before completing the payment, he never received a deed for the land, and was never entitled to demand one. Hence he never was in a condition to make a title to Mayfield, and he never undertook to do so. The payment of the balance of the purchase money

out of the assets of his estate after his death by "the parties in interest," certainly could not have the effect of investing him with seizin during the coverture so as to entitle his widow to dower. The extent of the husband's right was a mere equity to enforce the specific performance of the contract under which he went into possession of the land, and the defendant not claiming under a deed from the husband, but under a conveyance made by order of the court after his death, is not precluded from showing, as he did show, that the husband never had any seizin of the premises in question. *Secrest* v. *McKenna*, 6 *Rich. Eq.*, 72. In the cases of *Gayle* v. *Price*, *Plantt* v. *Payne*, and *Pledger* v. *Ellerbe*, it appeared that the defendant claimed under a conveyance from the husband, either directly or through the agency of the sheriff, and therefore was not permitted to dispute the fact that the husband had legal title. Here, however, the defendant does not claim under any conveyance from the husband, and hence those cases do not apply.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.